Peter Kober, Esq.
006481979
Kober Law Firm, LLC
1864 Route 70 East
Cherry Hill, NJ 08003
(856) 761-5090
Attorney for Plaintiffs, Vladislav Nazarov and Brigantine's Freshery, LLC

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____

| | |
|---|---|
| VLADISLAV NAZAROV and BRIGANTINE'S FRESHERY, LLC, | |
| Plaintiffs | Civil Action No. |
| vs. | |
| | **COMPLAINT** |
| | **JURY TRIAL  [x] YES  [ ] NO** |
| CITY OF BRIGANTINE, JOHN ADDRIZZO, KAREN GELLER, JEANETTE KESSLER, SHARON LAVINSON, JANET LIEBERMAN, DONNA PIEKARSKI, and FRAN PAULLIN, | |
| Defendants | |

_____

PARTIES

1. Plaintiff, VLADISLAV NAZAROV, is an adult individual, who resides at 1206 West Brigantine Avenue, in the City of Brigantine, County of Atlantic, and State of New Jersey.

2. Plaintiff, BRIGANTINES FRESHERY, LLC, is a domestic limited liability company, with a primary address at 1206 West Brigantine Avenue, Unit C, in the City of Brigantine, County of Atlantic, and State of New Jersey.

3. Defendant, CITY OF BRIGANTINE, is a municipal entity, with a primary address at 1417

W. Brigantine Avenue, Brigantine, County of Atlantic, and State of New Jersey.

4. Defendant, JOHN ADDRIZZO, sued in his official capacity, is an individual, who is a voting member of the Brigantine Farmers Market Committee, with a primary address at 1417 W. Brigantine Avenue, in the City of Brigantine, County of Atlantic, and State of New Jersey.

5. Defendant, KAREN GELLER, sued in her official capacity, is an individual, who is a voting member of the Brigantine Farmers Market Committee, with a primary address at 1417 W. Brigantine Avenue, in the City of Brigantine, County of Atlantic, and State of New Jersey.

6. Defendant, JEANETTE KESSLER, sued in her official capacity, is an individual, who is a voting member of the Brigantine Farmers Market Committee, with a primary address at 1417 W. Brigantine Avenue, in the City of Brigantine, County of Atlantic, and State of New Jersey.

7. Defendant, SHARON LAVINSON, sued in her official capacity, is an individual, who is a voting member of the Brigantine Farmers Market Committee, with a primary address at 1417 W. Brigantine Avenue, in the City of Brigantine, County of Atlantic, and State of New Jersey.

8. Defendant, JANET LIEBERMAN, sued in her official capacity, is an individual, who is a voting member of the Brigantine Farmers Market Committee, with a primary address at 1417 W. Brigantine Avenue, in the City of Brigantine, County of Atlantic, and State of New Jersey.

9. Defendant, DONNA PIEKARSKI, sued in her official capacity, is an individual, who is a voting member of the Brigantine Farmers Market Committee, with a primary address at 1417 W. Brigantine Avenue, in the City of Brigantine, County of Atlantic, and State of New Jersey.

10. Defendant, FRAN PAULLIN, sued in her official capacity, is an individual, who is a voting member of the Brigantine Farmers Market Committee, with a primary address at 1417 W. Brigantine Avenue, in the City of Brigantine, County of Atlantic, and State of New Jersey.

## JURISDICTION

11. The basis for jurisdiction is FEDERAL QUESTION, under 28 U.S.C. Secs. 1331 and 1343.

## STATEMENT OF THE CASE

12. Defendant, CITY OF BRIGANTINE, has established by ordinance the Sustainable Brigantine Green Team, which is an advisory committee to the Department of Public Works of the City of Brigantine.

13. Defendant, CITY OF BRIGANTINE, has, by ordinance, charged the Sustainable Brigantine Green Team with responsibility to manage and coordinate the activities of the Brigantine Farmers Market.

14. For this purpose, the Sustainable Brigantine Green Team has established a sub-committee known as the Brigantine Farmers Market Committee.

15. The Brigantine Farmers Market Committee is directly responsible for managing and overseeing the activities of the Brigantine Farmers Market.

16. Further, Defendant, CITY OF BRIGANTINE, has dedicated public property in the City of Brigantine for use by the Brigantine Farmers Market to hold its markets.

17. The Brigantine Farmers Market holds its markets on the public property dedicated for that use by Defendant, CITY OF BRIGANTINE.

18. The Brigantine Farmers Market has an annual season during which it holds its markets, which corresponds roughly with the summer months.

19. During the mostly summer months when markets are being held, the schedule is for markets to be held weekly, on Saturday mornings, between 8 A.M. and 12 P.M.

20. The stated primary goals of the Brigantine Farmers Market for the 2022 Market season are to (a) provide local access for acquiring fresh and healthy food; (b) support and promote local businesses (Brigantine businesses as the priority and up to 50 miles is considered local); (c) enhance exposure for Brigantine businesses; and (d) increase community awareness of sustainability by interacting with farmers and artisans.

21. The Brigantine Farmers Market offers vendor space to three categories of vendors; they are (a) agricultural vendors – local farmers; (b) food vendors – who must make or bake the items they plan to sell; and (c) artisan vendors – who must fabricate the items they plan to sell.

22. Each and every returning full season vendor and each prospective new full season vendor was required to apply for market space for the 2022 Market season before the start of that season.

23. Rules and Regulations promulgated by the Brigantine Farmers Market Committee for the 2022 Market season set forth that vendors will be selected at the discretion of the Brigantine Farmers Market Committee.

24. Said Rules and Regulations for the 2022 Market season further specify that the Brigantine Farmers Market Committee will evaluate applications for vendor space at the Market, and select the most appropriate vendors to participate in the Market.

25. Said Rules and Regulations for the 2022 Market season further specify that the Brigantine Farmers Market Committee reserves the right to accept or reject any and all applications if it is in the best interest of the Market to do so.

26. Said Rules and Regulations for the 2022 Market season further specify five factors for consideration (hereinafter the Five Factors Regulation) in the review of all applications for vendor space at the Market; they are (a) whether the business is located in Brigantine or operated by a Brigantine resident; (b) whether the operation is located in New Jersey; (c) whether the vendor is a returning vendor; (d) percentage of product that is directly agricultural or produced in New Jersey with New Jersey materials; and (e) saturation of that type of product at the market (exclusivity should not be assumed).

27. Plaintiff, BRIGANTINE'S FRESHERY, LLC, came into existence, in accordance with New Jersey law, on May 16, 2019.

28. Plaintiff, BRIGANTINE'S FRESHERY, LLC, is dedicated to the production and sale of locally grown and imported organic food products for consumption.

5

29. Plaintiff, VLADISLAV NAZAROV, is one of two chief operating officers of BRIGANTINE'S FRESHERY, LLC, and is actively involved in its daily operation.

30. Plaintiff, VLADISLAV NAZAROV's wife is the other chief operating officer of BRIGANTINE'S FRESHERY, LLC, and is actively involved in its daily operation.

31. Plaintiff, BRIGANTINE'S FRESHERY, LLC, has a brick-and-mortar location for the retail sale of locally grown and imported food products for consumption, at 1206 West Brigantine Avenue, Unit C, in the City of Brigantine, County of Atlantic, and State of New Jersey.

32. Plaintiff, BRIGANTINE'S FRESHERY, LLC's brick-and-mortar retail location opened in September, 2019.

33. Plaintiff, BRIGANTINE'S FRESHERY LLC's brick-and-mortar retail location has continuously remained open for business, seasonally, to the present day.

34. Prior to July 30, 2020, Plaintiff, VLADISLAV NAZAROV, and his wife, came to believe that a good product fit for sale at the Brigantine Farmers Market would be two types of hot dogs: the first type would be organic/all natural containing meat, and the second type would be organic/all natural vegan.

35. The basis for Plaintiff, VLADISLAV NAZAROV's belief, and for his wife's belief, that the two types of hot dogs would be a good product fit for sale at the Brigantine Farmers Market, was that Plaintiff and his wife were aware that crepes, pancakes and ice cream were being sold at the Brigantine Farmers Market, and to date, no vendor was selling hot dogs at the Brigantine Farmers Market.

36. On July 23, 2020, Plaintiff, VLADISLAV NAZAROV's wife, sent an email inquiry to the Brigantine Farmers Market about how to obtain vendor space on the Brigantine Farmers Market property for BRIGANTINE'S FRESHERY, LLC to use for the remainder of the 2020 Market season.

37. On July 30, 2020, Plaintiff, BRIGANTINE'S FRESHERY, LLC, sent in an application to the Brigantine Farmers Market Selection Committee, to obtain vendor space on its property to use to sell hot dogs for the remainder of the 2020 season.

38. The application was completed and signed by Plaintiff, VLADISLAV NAZAROV.

39. The proposed product to be sold at the Brigantine Farmers Market during the 2020 season was "hot dogs – organic/all natural/vegan option."

40. On July 31, 2020, via email, Chrissy Lauletta, Vendor Relations Director for the Brigantine Farmers Market, denied Plaintiffs' application for vendor space on the Brigantine Farmers Market property to use for the remainder of the 2020 season.

41. As reasons for the denial of vendor space on the Brigantine Farmers Market property for BRIGANTINE'S FRESHERY, LLC, to sell its product, Chrissy Lauletta stated that the Brigantine Farmers Market Selection Committee did not feel that a hot dog cart was unique, nor that hot dogs were an artisan food product, nor that hot dogs were a good fit for this Market.

42. As the 2021 Brigantine Farmers Market season approached, Plaintiff, VLADISLAV NAZAROV, and his wife, came to believe that a good product fit for sale at the Brigantine Farmers Market would be hand-crafted furniture.

43. On March 15, 2021, Plaintiff, VLADISLAV NAZAROV's wife sent an email inquiry about an application to the Brigantine Farmers Market Selection Committee, to obtain vendor space on its property to use to sell hand-crafted arts & crafts products for the 2021 Market season.

44. On March 15, 2021, via email, Fran Paullin, Vendor Coordinator for the Brigantine Farmers Market, denied Plaintiffs' application for vendor space on the Brigantine Farmers Market property to use for the 2021 season.

45. As a reason for the denial of vendor space on the Brigantine Farmers Market property for BRIGANTINE'S FRESHERY, LLC, to sell its product, Fran Paullin stated that the Brigantine Farmers Market did not have any artisan spaces available for the 2021 season due to overwhelming interest from potential vendors.

46. As the 2022 Brigantine Farmers Market season approached, Plaintiff, VLADISLAV NAZAROV, and his wife came to believe that a good product fit for sale at the Brigantine Farmers Market in 2022 would be organic fresh squeezed and cold pressed juices.

47. On January 24, 2022, Plaintiff, BRIGANTINE'S FRESHERY, LLC, sent in an application to the Brigantine Farmers Market Selection Committee, to obtain vendor space on its property to use for the 2022 Market season.

48. The proposed product to be sold during the 2022 season at the Brigantine Farmers Market was organic fresh squeezed and cold pressed juices.

49. On the application, Plaintiff, BRIGANTINE FRESHERY, LLC, identified itself as a Brigantine-based business.

50. Plaintiff, BRIGANTINE'S FRESHERY, LLC, was not a returning full-season vendor.

51. Rather than applying as a returning full-season vendor, Plaintiff, BRIGANTINE'S FRESHERY, LLC, was applying in 2022 as a prospective new full-season vendor.

52. On January 24, 2022, the Brigantine Farmers Market Committee sent an email acknowledging receipt of Plaintiffs' application for vendor space on the Brigantine Farmers Market property to use for the 2022 Market season.

53. Plaintiffs' application for vendor space on the Brigantine Farmers Market property, to use for the 2022 Market season, was decided by a vote of a seven member Brigantine Farmers Market Committee.

54. Defendant, JOHN ADDRIZZO, was a member of the Brigantine Farmers Market Committee, who voted on Plaintiffs' application for vendor space to use for the 2022 Market season.

55. Defendant, KAREN GELLER, was a member of the Brigantine Farmers Market Committee, who voted on Plaintiffs' application for vendor space to use for the 2022 Market season.

56. Defendant, JEANETTE KESSLER, was a member of the Brigantine Farmers Market Committee, who voted on Plaintiffs' application for vendor space to use for the 2022 Market season.

57. Defendant, SHARON LAVINSON, was a member of the Brigantine Farmers Market Committee, who voted on Plaintiffs' application for vendor space to use for the 2022 Market season.

58. Defendant, JANET LIEBERMAN, was a member of the Brigantine Farmers Market Committee, who voted on Plaintiffs' application for vendor space to use for the 2022 Market season.

59. Defendant, DONNA PIEKARSKI, was a member of the Brigantine Farmers Market Committee, who voted on Plaintiffs' application for vendor space to use for the 2022 Market season.

60. Defendant, FRAN PAULLIN, was a member of the Brigantine Farmers Market Committee, who voted on Plaintiffs' application for vendor space to use for the 2022 Market season.

61. Defendants, JOHN ADDRIZZO, KAREN GELLER, JEANETTE KESSLER, SHARON LAVINSON, JANET LIEBERMAN, DONNA PIEKARSKI and FRAN PAULLIN, acting in their capacity as members of the Brigantine Farmers Market Committee, were bound by the Five Factors Regulation (set forth in this Complaint, Paragraph 26).

62. Defendant, JOHN ADDRIZZO, considered and was influenced by the Five Factors Regulation, particularly factors (c) and (e), in deciding his vote on Plaintiffs' application for vendor space to use for the 2022 Market season.

63. Defendant, KAREN GELLER, considered and was influenced by the Five Factors Regulation, particularly factors (c) and (e), in deciding her vote on Plaintiffs' application for vendor space to use for the 2022 Market season.

64. Defendant, JEANETTE KESSLER, considered and was influenced by the Five Factors Regulation, particularly factors (c) and (e), in deciding her vote on Plaintiffs' application for vendor space to use for the 2022 Market season.

65. Defendant, SHARON LAVINSON, considered and was influenced by the Five Factors Regulation, particularly factors (c) and (e), in deciding her vote on Plaintiffs' application for vendor space to use for the 2022 Market season.

66. Defendant, JANET LIEBERMAN, considered and was influenced by the Five Factors Regulation, particularly factors (c) and (e), in deciding her vote on Plaintiffs' application for vendor space to use for the 2022 Market season.

67. Defendant, DONNA PIEKARSKI, considered and was influenced by the Five Factors Regulation, particularly factors (c) and (e), in deciding her vote on Plaintiffs' application for vendor space to use for the 2022 Market season.

68. Defendant, FRAN PAULLIN, considered and was influenced by the Five Factors Regulation, particularly factors (c) and (e), in deciding her vote on Plaintiffs' application for vendor space to use for the 2022 Market season.

69. Defendants, JOHN ADDRIZZO, KAREN GELLER, JEANETTE KESSLER, SHARON LAVINSON, JANET LIEBERMAN, DONNA PIEKARSKI and FRAN PAULLIN, in their capacity as members of the Brigantine Farmers Market Committee, by a vote rejected Plaintiffs' application for vendor space to use for the 2022 Market season.

70. On March 6, 2022, Defendant, FRAN PAULLIN, in her capacity as Vendor Coordinator for the Brigantine Farmers Market, provided Plaintiff, VLADISLAV NAZAROV, with an email which informed him of the Brigantine Farmers Market Committee's denial of Plaintiffs' application for vendor space to use for the 2022 Market season.

71. As reasons for the denial of vendor space on the Brigantine Farmers Market property for BRIGANTINE'S FRESHERY, LLC to sell its product, Fran Paullin stated, in the March 6, 2022 email, that "[i]n our selection process we give priority to Brigantine residents whose product meets Market standards *and to returning full-season vendors.* This leaves us with few spaces for new artisan vendors. *To ensure profitability for all,* we limit the number of vendors with *the same or comparable products.* Unfortunately, despite the high quality of your offerings, we are not able to accommodate you this year because we *already have two returning fresh juice vendors.*"

72. In an undated document on the letterhead of the Brigantine Farmers Market addressed to Brigantine Freshery Team, post-deprivation, Defendant, FRAN PAULLIN, further explained as reasons for the denial of vendor space on the Brigantine Farmers Market property for BRIGANTINE'S FRESHERY, LLC to use to sell its product, that "[f]rom a business perspective, we …. *limit the number of the same or similar offerings* based upon experience and market trends. We do not guarantee exclusivity to any vendor, *yet we do not want to oversaturate the market.* It is a careful balance that has proven successful."

73. For the duration of the Brigantine Farmers Market 2022 Market season, Plaintiffs were deprived of participation as full-season vendors in the Brigantine Farmers Market.

74. Returning to the Brigantine Farmers Market and participating as full-season vendors for the 2022 Market season were Goji Juices and Seatox Lemonade.

75. Goji Juices and Seatox Lemonade were the two returning full-season fresh juice vendors identified in Defendant, FRAN PAULLIN's March 6, 2022 email.

76. The Brigantine Farmers Market on a typical Saturday in the 2022 Market season had a total of 51 full-season vendors.

## INJURIES

77. As a direct and proximate result of the conduct of Defendants, as aforesaid, Plaintiff, VLADISLAV NAZAROV, suffered pecuniary loss, emotional distress, and mental anguish, and Plaintiff, BRIGANTINE'S FRESHERY, LLC, suffered pecuniary loss.

## COUNT I

### 42 U.S.C. SECTION 1983 AND NJCRA FACIAL CHALLENGE TO THE CONSTITUTIONALITY OF THE FIVE FACTORS REGULATION UNDER THE EQUAL PROTECTION CLAUSES OF THE U.S. AND STATE CONSTITUTIONS

78. The Five Factors Regulation creates a classification of applicants for full-season vendor space for a Market season who are denied vendor space, who, collectively, are treated differently from other, similarly situated applicants for full-season vendor space for a Market season who are granted vendor space.

79. The law requires that general social and economic regulations which are not directed to a suspect class, nor involve a fundamental right, such as the Five Factors Regulation, must survive rational basis review in order to be constitutional under the Equal Protection Clause of the U.S. and State Constitutions.

80. The law requires that for a regulation such as the Five Factors Regulation to survive rational basis review, the classification it creates must be rationally related to a legitimate government interest.

81. The governmental interest of Defendant, CITY OF BRIGANTINE, which factors (c) and (e) of the Five Factors Regulation relate to is not a legitimate governmental interest.

82. Since the governmental interest of Defendant, CITY OF BRIGANTINE, which factors (c) and (e) of the Five Factors Regulation relate to is not a legitimate governmental interest, the Five Factors Regulation is facially unconstitutional under the Equal Protection Clause of the U.S. and State Constitutions.

COUNT II

42 U.S.C. AND NJCRA AS APPLIED CHALLENGE TO THE CONSTITUTIONALITY OF THE FIVE FACTORS REGULATION UNDER THE EQUAL PROTECTION CLAUSES OF THE U.S AND STATE CONSTITUTIONS

83. The governmental interest of Defendant, CITY OF BRIGANTINE, which factors (c) and (e) of the Five Factors Regulation relate to, when given controlling weight by the individual defendants in deciding their vote, is not a legitimate governmental interest.

84. Since the governmental interest of Defendant, CITY OF BRIGANTINE, which factors (c) and (e) of the Five Factors Regulation relate to, when given controlling weight by the individual defendants in deciding their vote, is not a legitimate governmental interest, the Five Factors Regulation is unconstitutional, as applied, under the Equal Protection Clause of the U.S. and State Constitutions.

COUNT III

42 U.S.C. SECTION 1983 CLAIM FOR DENIAL OF EQUAL PROTECTION ON ACCOUNT OF BEING CLASSIFIED INTO A CLASS OF ONE AGAINST INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES

85. The individual Defendants, acting in their official capacities, by reason of their vote denying Plaintiffs full-season vendor space for the 2022 Market season, have intentionally treated Plaintiffs differently than similarly situated applicants for full-season vendor space for the 2022 Market season.

86. The classification of Plaintiffs by the individual Defendants did not have a rational basis, for the reason such classification was not rationally related to a legitimate governmental interest.

87. Since the governmental interest of the City of Brigantine which the individual Defendants' vote denying Plaintiffs full-season vendor space for the 2022 Market season related to was not a legitimate governmental interest, the individual Defendants' vote denying Plaintiffs full-season vendor space for the 2022 Market season violated the right to equal protection under the Equal Protection Clause of the Fourteenth Amendment.

COUNT IV

NJCRA CLAIM FOR DENIAL OF EQUAL PROTECTION ON ACCOUNT OF BEING CLASSIFIED INTO A CLASS OF ONE AGAINST INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES

88. Since the governmental interest of the City of Brigantine which the individual Defendants' vote denying Plaintiffs full-season vendor space for the 2022 Market season related to was not a legitimate governmental interest, the individual Defendants' vote denying Plaintiffs full-season vendor space for the 2022 Market season violated the right to equal protection under N.J. Constitution Article I Paragraph I.

COUNT V

42 U.S.C. SECTION 1983 *MONELL* CLAIM FOR DENIAL OF EQUAL PROTECTION ON ACCOUNT OF BEING CLASSIFIED INTO A CLASS OF ONE AGAINST MUNICIPAL ENTITY DEFENDANT ON ACCOUNT OF PROMULGATION OF ITS POLICY

89. The law recognizes liability may lie against a municipal entity under 42 U.S.C. Section 1983 if Plaintiffs' injury was caused by action taken pursuant to official municipal policy.

90. The law further recognizes that action taken pursuant to official municipal policy includes the vote of a municipal entity's rule-making body.

91. Since the governmental interest of Defendant, CITY OF BRIGANTINE, which the vote of the Brigantine Farmers Market Committee denying Plaintiffs full-season vendor space for the 2022 Market season related to was not a legitimate governmental

interest, Defendant, CITY OF BRIGANTINE's rule-making body's vote denying Plaintiffs full-season vendor space for the 2022 Market season violated the right to equal protection under the Equal Protection Clause of the Fourteenth Amendment, making Defendant, CITY OF BRIGANTINE, liable.

## COUNT VI

### NJCRA *WINBERRY REALTY PARTNERSHIP* CLAIM FOR DENIAL OF EQUAL PROTECTION ON ACCOUNT OF BEING CLASSIFIED INTO A CLASS OF ONE AGAINST MUNICIPAL ENTITY DEFENDANT ON ACCOUNT OF PROMULGATION OF ITS POLICY

92. Since the governmental interest of Defendant, CITY OF BRIGANTINE, which the vote of the Brigantine Farmers Market Committee denying Plaintiffs full-season vendor space for the 2022 Market season related to was not a legitimate governmental interest, Defendant, CITY OF BRIGANTINE's rule-making body's vote denying Plaintiffs full-season vendor space for the 2022 Market season violated Plaintiffs' right to equal protection under N.J. Constitution Article I Paragraph I, making Defendant, CITY OF BRIGANTINE, liable.

RELIEF SOUGHT

WHEREFORE, Plaintiffs, VLADISLAV NAZAROV and BRIGANTINE'S FRESHERY, LLC, demand judgment against Defendants, CITY OF BRIGANTINE, JOHN ADDRIZZO, KAREN GELLER, JEANETTE KESSLER, SHARON LAVINSON, JANET LIEBERMAN, DONNA PIEKARSKI and FRAN PAULLIN for (a) compensatory damages (Counts III-VI); (b) punitive damages (Counts III-IV); (c) declaratory relief declaring the Five Factors Regulation unconstitutional (Counts I-II); (d) injunctive relief enjoining further use of the Five Factors Regulation and further exclusion of Plaintiffs from the Brigantine Farmers Market full summer season by reason of considering and being influenced by the Five Factors Regulation (Counts III-VI); (e) reasonable attorney's fees, interest and costs of suit.

JURY DEMAND

Plaintiffs demand a trial by jury of all issues which are triable by a jury.

                                      KOBER LAW FIRM, LLC

                                      BY:  s/ Peter Kober
                                                Peter Kober, Esq.

DATED: September 9, 2022